IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ELI J.,[1] | Case No. 3:21-cv-00093-HL |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| KILOLO KIJAKAZI, Commissioner of Social Security, | |
| Defendant. | |

**HALLMAN, U.S. Magistrate Judge.**

Eli J. ("Plaintiff") brings this appeal challenging the Commissioner of the Social Security Administration's ("Commissioner") denial of Plaintiff's application for a waiver of overpayment of Disability Insurance Benefits (DIB) pursuant to 42 U.S.C. §§ 416 and 423. The Court has jurisdiction to hear this appeal pursuant to 42 U.S.C. § 1383(c)(3), which incorporates the review

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

PAGE 1 – OPINION AND ORDER

provisions of 42 U.S.C. § 405(g). For the reasons explained below, the Court affirms the Commissioner's decision.

## BACKGROUND

Plaintiff is a college graduate with a degree in civil engineering. Tr. 19-20, 28, 118-20, 132-33, 178. Plaintiff filed for DIB under Title II of the Social Security Act and began receiving benefits in 1999 following a spinal cord injury. Plaintiff began working again in April 2005 and completed a trial work period (TWP), a nine-month period during which a claimant is allowed to test his ability to work while continuing to receive benefits, in December 2005. Tr. 157, 176. When the TWP ended, Plaintiff entered an extended period of eligibility (EPE) for benefits, a 36-month period during which a claimant may continue to receive benefits for the months that the claimant's earnings do not exceed the amount deemed by the Agency to exceed substantial gainful activity (SGA).

During the EPE, Plaintiff stopped engaging in SGA-level work, and his benefits were reinstated in April 2007. Tr 163. Plaintiff's EPE ended in December 2008, meaning that Plaintiff's benefits would be withdrawn if he engaged in any SGA-level work. After Plaintiff's benefits were reinstated in April 2007, Plaintiff went to school and earned a civil engineering degree. Tr. 19-20, 28. In February 2014, Plaintiff began working for an engineering firm that paid him $4,500 per month. Tr. 49, 56, 82, 84, 164. Plaintiff stopped working in June 2014 and resumed working again in July 2015 for 2G Associates. Tr. 86. In August 2015, Plaintiff's social worker emailed Plaintiff to inquire about his new job and requested income verification to help Plaintiff avoid being "in a position to having any type of overpayment." Tr. 665. Plaintiff continued to receive benefits throughout the period from February 2014 to January 2016.

In January 2016, Plaintiff received notice that he had been overpaid in the amount of $37,424 and that his entitlement to benefits had ended in February 2014 due to Plaintiff's work

PAGE 2 – OPINION AND ORDER

activity. Tr. 37-40. Plaintiff filed a request for a Waiver of Overpayment in December 2016, stating that he was not at fault for the overpayment and could not afford to pay it back. Tr. 41-48. In May 2017, Plaintiff's waiver request was denied. Tr. 88.

In April 2017, Plaintiff filed a request for reconsideration, disputing the facts alleged by the Agency and the alleged amount of overpayment. Tr. 68-86. On May 25, 2017, Plaintiff's request was denied. Tr. 91. After an administrative hearing, Administrative Law Judge (ALJ) Cynthia Rosa issued a decision dated May 1, 2019, again denying Plaintiff's request for a Waiver of Overpayment. Tr. 171-79. The ALJ found that Plaintiff had been overpaid in the amount of $37,424, that Plaintiff was at fault for the overpayment, and that Plaintiff was therefore liable for repayment to the Agency in the full amount. Tr. 174-79. The Appeals Council adopted the ALJ's findings but amended the overpayment amount to $38,584 on November 30, 2020. Tr. 163.  Plaintiff then sought review before this Court.[2]

## STANDARD OF REVIEW

The court "must affirm a refusal to waive repayment if the decision is supported by substantial evidence and the ALJ applied the proper legal standard." *Anderson*, 914 F.2d at 1122; *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022) (An ALJ's decision must be supported by substantial evidence). "An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.'" *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)).

---

[2] The parties have consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636. (ECF 4).

PAGE 3 – OPINION AND ORDER

**DISCUSSION**

The issue in this case is whether the ALJ's finding that Plaintiff did not satisfy the requirements for a waiver of overpayment is supported by substantial evidence. Plaintiff argues that the ALJ's determination was based upon two errors: (1) a finding that Plaintiff was at fault for causing the overpayment without considering Plaintiff's circumstances or assessing Plaintiff's credibility (Pl. Opening Br., ECF 21 at 4-7); and (2) the ALJ's improper determination that some of Plaintiff's household expenses were not ordinary and necessary. (*Id*. at 7-9).

**I.    Finding of Fault for Causing Overpayment**

Plaintiff first argues that the ALJ erred by finding that Plaintiff was at fault for causing the overpayment of his disability benefits. This Court disagrees.

Section 204(b) of the Social Security Act provides that there shall be no recovery of an overpayment by the Agency "in any case where an overpayment under title II has been made to an individual who is without fault if adjustment or recovery would either defeat the purpose of title II of the Act, or be against equity and good conscience." 20 C.F.R. § 404.507 provides that to determine whether an individual was without fault in an overpayment situation, the Agency will "consider all pertinent circumstances, including the individual's age and intelligence, and any physical, mental, educational, or linguistic limitations … the individual has. What constitutes fault … on the part of the overpaid individual … depends upon whether the facts show that the incorrect payment to the individual … resulted from:

> (a) An incorrect statement made by the individual which he knew or should have known to be incorrect; or
>
> (b) Failure to furnish information which he knew or should have known to be material; or
>
> (c) With respect to the overpaid individual only, acceptance of a payment which he either knew or could have been expected to know was incorrect.

PAGE 4 – OPINION AND ORDER

In her written decision, the ALJ found that Plaintiff was at fault for the overpayment and thus did not qualify for a Waiver of Overpayment because Plaintiff "did not report his work activity" in 2014 of 2015. Tr. 177-78. In support of this conclusion, the ALJ first noted that Plaintiff had previously worked while receiving benefits and received notices from the SSA explaining his obligation to report changes in his work activity to the Agency. Tr. 163. Plaintiff does not contest this finding.

Instead, Plaintiff argues that his failure to report his earnings to the Agency does not support a finding of fault because he reported his earnings to a social worker. Here, Plaintiff informed his social worker about his new job in June 2014, noting that he "just wanted to let [her] know in case it affects anything that has to do with [his] benefits." Tr. 55. Plaintiff did not report his change in income to the Agency. On August 25, 2014, after an inquiry by Plaintiff as to the effect of his income on eligibility for benefits, Plaintiff's social worker replied: "I have no idea how [unemployment benefits] would affect your SSD. You would need to talk to Social Security regarding that." Tr. 56. Plaintiff argues that he did not receive this email "in a timely manner" because Plaintiff was hospitalized with blood clots in his legs and lungs in August 2014. Tr. 56-64.

By the following year, Plaintiff again began performing SGA-level work. Again, Plaintiff notified his social worker of his change in employment but did not contact the Agency regarding his increased income. Plaintiff therefore continued to receive disability benefits for about 2 years while regularly earning a salary for SGA-level work, until the Agency notice of overpayment was sent in January 2016. On this record, it was reasonable for the ALJ to conclude that Plaintiff knew or should have known that the information regarding his work situation in 2014 was material, and that Plaintiff nevertheless failed to furnish this information to the Agency. 20

PAGE 5 – OPINION AND ORDER

C.F.R. § 404.507(b). Plaintiff received written notices from both the Agency and his social worker stating that Plaintiff should inform the Agency of his change in employment. Plaintiff's receipt of notices prior to his hospitalization and his work the following year provides relevant, substantial evidence to support the ALJ's reasonable conclusion that Plaintiff was at fault for the overpayment. 20 C.F.R. § 404.507.[3]

To be sure, Plaintiff's health situation in August 2014 mitigates against a finding of fault. However, "[w]here evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Accordingly, the ALJ's finding of fault is supported by substantial evidence and therefore must be affirmed. *Anderson*, 914 F.2d at 1122.

## II. Plaintiff's Household Expenses

Plaintiff also argues that the ALJ erred in her determination that Plaintiff had sufficient income to continue paying his ordinary and necessary expenses, and in concluding that a return of overpayment would not defeat the purposes of the Act. Again, this Court disagrees.

Recovery of an overpayment defeats the purposes of the Act if it deprives an individual of income required for ordinary and necessary living expenses. 20 C.F.R. § 404.508. In pertinent part, the Act defines ordinary and necessary living expenses to include fixed living expenses such as food and clothing, rent, mortgage payments, utilities, maintenance, insurance, taxes,

---

[3] Plaintiff also argues that the ALJ improperly failed to conduct a credibility analysis. This Court disagrees. 20 C.F.R. § 404.507(b) requires only a finding that the claimant failed to furnish information that he *knew or should have known* to be material. *Id.* (emphasis added). Here, the ALJ accepted Plaintiff's explanation for why he failed to notify SSA regarding his employment, and his credibility was not an issue, much less a "critical factor" that would require a credibility finding. *See Albalos v. Sullivan*, 907 F.2d 871, 873 (9th Cir. 1990).

installment payments, medical expenses, and other miscellaneous expenses that may reasonably considered as part of the claimant's standard of living. *Id.* at (a)-(b); tr. 175.

Here, the ALJ determined that several of Plaintiff's alleged monthly expenses were not "ordinary and necessary." Tr. 178. Specifically, the ALJ found that Plaintiff reported travel expenses totaling $560.93 per month and expenses for entertainment totaling about $115 per month, and that these expenses did not qualify as ordinary and necessary under 20 C.F.R. § 404.508(a)-(b). Tr. 178. While Plaintiff contends "it is possible this is work or medical-related travel" (Pl. Reply Br., ECF 24 at 6), it was reasonable for the ALJ to conclude from this record that Plaintiff's reported travel expenses were not ordinary and necessary, because such expenses are not enumerated within the Agency's guidelines. *See* 20 C.F.R. § 404.508.

The ALJ ultimately calculated Plaintiff's ordinary and necessary living expenses to total about $2,500 per month. Tr. 30-31, 46, 178. The ALJ noted that Plaintiff earned over $63,000 in 2018 and that he continued to earn $2,750 per pay period, and that Plaintiff's wife, who shared expenses such as rent and household necessities, earned an annual income of $65,000. Based upon Plaintiff's expenses and household income, the ALJ concluded that recovering the Agency's overpayment would not deprive Plaintiff of income required for his ordinary and necessary living expenses. Tr. 178. The ALJ's interpretation of the record is reasonable and therefore must be affirmed. *Anderson*, 914 F.2d at 1122.

## CONCLUSION

For the reasons stated, the Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

DATED this  22  day of August, 2022.

ANDREW HALLMAN
United States Magistrate Judge

PAGE 7 – OPINION AND ORDER